**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ASHFORD HOSPITALITY TRUST, INC., <br><br>                                 Plaintiff, <br><br>            -against- <br><br> CYGNUS CAPITAL, INC., CYGNUS CAPITAL ADVISERS, LLC, CYGNUS GENERAL PARTNERS, LLC, CYGNUS CAPITAL REAL ESTATE ADVISORS II, LLC, CYGNUS OPPORTUNITY FUND, LLC, CYGNUS PROPERTY FUND IV, LLC, CYGNUS PROPERTY FUND V, LLC, CHRISTOPHER SWANN, RICHARD BURNS, SHANNON JOHNSON, WILLIAM MILLER, JR., RODERICK NEWTON II, THORNTREE CAPITAL PARTNERS LP, THORNTREE CAPITAL MASTER FUND LP, THORNTREE CAPITAL GP LLC, and REBECCA HARVEY, <br><br>                             Defendants. | No. 21-cv-00125-M |

**NOTICE OF EVIDENCE OF POTENTIAL INACCURACY IN SWORN
DECLARATION FROM REBECCA HARVEY**

Plaintiff Ashford Hospitality Trust, Inc. ("Ashford Trust"), by its undersigned

attorneys, hereby gives notice to Defendants Cygnus Capital, Inc., Cygnus Capital Advisers, LLC,

Cygnus General Partners, LLC, Cygnus Capital Real Estate Advisors II, LLC, Cygnus Opportunity

Fund, LLC, Cygnus Property Fund IV, LLC, Cygnus Property Fund V, LLC, Christopher Swann,

Richard Burns, Shannon Johnson, William Miller, Jr., Roderick Newton II, ThornTree Capital

Partners LP, ThornTree Capital Master Fund LP, ThornTree Capital GP LLC, and Rebecca Harvey

("Harvey"), of filing the Declaration of Christopher Rice, attached hereto as Exhibit A, in Support

of Ashford Trust's motions for Preliminary Injunction (ECF No. 6), Expedited Discovery and Expedited Briefing Schedule (ECF No. 10), and Temporary Restraining Order (ECF No. 52).

At the February 10, 2021 hearing  this Court ordered Defendant Harvey to produce a declaration describing, among other things, the circumstances surrounding her sale of Ashford Trust stock.   ECF No. 69, Tr. at 13:25-14:6.  On February 12, 2021 Ms. Harvey electronically filed her declaration with this Court.  (ECF No. 72).  We have reason to believe that Ms. Harvey's declaration contains an inaccuracy.  Specifically, in paragraph 10 thereof Ms. Harvey states that she "never voted, nor did [she] ever plan to vote" her Ashford Trust shares.  The attached Declaration of Christopher Rice establishes that Harvey acknowledged voting her shares of Ashford Trust stock and, further, that the pertinent records are inconsistent with Harvey's sworn statement.

Dated:      February 15, 2021

                                        THOMPSON & KNIGHT LLP

                                        By: _____
                                            Stephen C. Rasch
                                            Texas State Bar No. 16551420
                                            Michael W. Stockham
                                            Texas State Bar No. 24038074
                                            One Arts Plaza
                                            1722 Routh Street Suite 1500
                                            Dallas, TX 75201
                                            Telephone: (212) 969-1700

*Of Counsel*:

**CADWALADER, WICKERSHAM & TAFT LLP**
Nicholas A. Gravante, Jr. (*pro hac vice*)
Karen C. Dyer (*pro hac vice*)

Adam K. Magid (*pro hac vice*)
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 406-6666
nicholas.gravante@cwt.com
karen.dyer@cwt.com
adam.magid@cwt.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 15, 2021, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Dallas Division, by using the CM/ECF filing system which will send notice of electronic filing to all CM/ECF participants.

_____

Michael W. Stockham

# **<u>EXHIBIT A</u>**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ASHFORD HOSPITALITY TRUST, INC.,<br><br>               Plaintiff,<br><br>        -against-<br><br>CYGNUS CAPITAL, INC., CYGNUS CAPITAL ADVISERS, LLC, CYGNUS GENERAL PARTNERS, LLC, CYGNUS CAPITAL REAL ESTATE ADVISORS II, LLC, CYGNUS OPPORTUNITY FUND, LLC, CYGNUS PROPERTY FUND IV, LLC, CYGNUS PROPERTY FUND V, LLC, CHRISTOPHER SWANN, RICHARD BURNS, SHANNON JOHNSON, WILLIAM MILLER, JR., RODERICK NEWTON II, THORNTREE CAPITAL PARTNERS LP, THORNTREE CAPITAL MASTER FUND LP, THORNTREE CAPITAL GP LLC, and REBECCA HARVEY,<br><br>               Defendants. | No. 21-cv-00125-M |

## <u>DECLARATION OF CHRISTOPHER RICE</u>

My name is Christopher Rice.  The information contained in this Declaration is based upon my personal knowledge.

1.       I am Vice President of the M&A and Activism Advisory Group at Morrow Sodali Global LLC ("Morrow Sodali").  I have been employed by Morrow Sodali for more than 14 years. Morrow Sodali provides comprehensive services to help companies prepare, organize, and conduct shareholder meetings and proxy solicitations.

2.       In the fall of 2020, Ashford Hospitality Trust, Inc. ("Ashford Trust" or the "Company") engaged Morrow Sodali to solicit stockholders of Ashford Trust in connection with a special meeting of stockholders (the "Special Meeting"), to be held on October 6, 2020, relating

to the Company's offers to exchange all shares of preferred stock for shares of the Company's common stock (the "Exchange Offers").  The purpose of the Special Meeting was to approve two corporate resolutions in connection with those Exchange Offers.

3.      As part of these services, Morrow Sodali monitored each day the non-objecting beneficial owners of Ashford Trust common stock who had voted, and not voted, on the Corporate Resolutions.  A non-objecting beneficial owner ("NOBO") is a beneficial owner of an issuer's securities who gives permission to a financial intermediary to release their name and address to the issuer.

4.      To determine who had voted, Morrow Sodali received a file each morning from Broadridge Financial Solutions Inc. ("Broadridge"), a corporate proxy and mailing services company, that showed NOBO holders who had voted as of that date.  Morrow Sodali compared each such file to the file received the prior morning to determine which accounts had voted during the prior twenty-four (24) hours and which ones were un-voted.

5.      In September 2020, based on NOBO lists received from Broadridge, I was aware that Defendant Rebecca Harvey beneficially owned at the time 276,500 shares of Ashford Trust common stock.  The NOBO lists indicated that 189,500 of these shares were held in Ms. Harvey's name, and the remainder were held in an individual retirement account in Ms. Harvey's name.  At the time, I was not aware that Ms. Harvey had any connection to Christopher Swann or Cygnus Capital, Inc. or its affiliates.

6.      As of September 29, 2020, based on the files received from Broadridge, Ms. Harvey had not yet voted her shares on the Corporate Resolutions, or her votes had not yet been processed.

7.      On September 29, 2020, I personally spoke with Ms. Harvey on the telephone to solicit her support in favor of the Corporate Resolutions.  In that phone call, Ms. Harvey stated

**DECLARATION OF CHRISTOPHER RICE**

that she had previously mailed her voting instruction form (i.e., the ballot containing her votes), voting against both Corporate Resolutions.

8.      On October 1, 2020, Morrow Sodali received another file from Broadridge. This time, information identified Ms. Harvey's accounts on the list, which indicated her shares of common stock had been voted in the prior twenty-four (24) hours.

9.      In connection with the solicitation, Morrow Sodali also received reports from Broadridge showing the aggregate voting at each custodian bank or broker on each of the Corporate Resolutions for that particular day and the total votes to date. Broadridge's October 1, 2020 voting report showed 317,691 shares and 315,199 shares, respectively, voted against proposals 1 and 2 for that day at National Financial Services. National Financial Services (Fidelity) is the custodian for Ms. Harvey's IRA account, indicating that Mr. Harvey's shares had been voted.

10.     The records described above are consistent with Ms. Harvey having voted all of her shares of Ashford Trust common stock against the Corporate Resolutions, as Ms. Harvey told me in my September 29, 2020 call with her that she had previously done. The records are inconsistent with Ms. Harvey's sworn declaration that she never voted her Ashford Trust shares.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Fairfield County, Connecticut, United States of America on February 15, 2021.

Christopher Rice

**DECLARATION OF CHRISTOPHER RICE**