## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ASHFORD HOSPITALITY TRUST, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CYGNUS CAPITAL, INC., CYGNUS CAPITAL ADVISERS, LLC, CYGNUS GENERAL PARTNERS, LLC, CYGNUS CAPITAL REAL ESTATE ADVISORS II, LLC, CYGNUS OPPORTUNITY FUND, LLC, CYGNUS PROPERTY FUND IV, LLC, CYGNUS PROPERTY FUND V, LLC, CHRISTOPHER SWANN, RICHARD BURNS, SHANNON JOHNSON, WILLIAM MILLER, JR., RODERICK NEWTON II, THORNTREE CAPITAL PARTNERS LP, THORNTREE CAPITAL MASTER FUND LP, THORNTREE CAPITAL GP LLC, and REBECCA HARVEY, <br><br> Defendants. | No. 21-cv-00125-M <br><br> Oral Argument Requested |

## THORNTREE'S MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR STATUS CONFERENCE AND TO VACATE EXPEDITED PROCEEDINGS

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................................1

FACTUAL BACKGROUND ...........................................................................................................2

ARGUMENT ...................................................................................................................................5

    I.    Because The Cygnus Defendants' Proxy Fight Has Ended, Ashford's Requested Relief Is Moot As To ThornTree And Cannot Support Expedition Or A Finding Of Undue Prejudice ............................................................................................................................5

    II.    The Court Should Vacate The Expedited Scheduling Order And Reinstate The Automatic PSLRA Discovery Stay ..................................................................................9

    III.    The Court Should Set A Status Conference At The Earliest Available Time ...............13

CONCLUSION ..............................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alaska Laborers Emp. Ret. Fund v. Mays Clear Channel Commc'ns, Inc.*,
  No. SA-07-CA-0042-RF, 2007 WL 9710527 (W.D. Tex. Feb. 14, 2007) .................10, 12, 13

*Barrett v. Wilson*,
  No. 4:11-CV-2852, 2011 WL 13134638 (S.D. Tex. Aug. 15, 2011) .....................................10

*Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*,
  917 F. Supp. 717 (S.D. Cal. 1996)...........................................................................................12

*Motient Corp. v. Dondero*,
  529 F.3d 532 (5th Cir. 2008) ........................................................................................ *passim*

*Nichting v. DPL Inc.*,
  No. 3:11-CV-141, 2011 WL 2892945 (S.D. Ohio July 15, 2011).................................. *passim*

*Rondeau v. Mosinee Paper Corp.*,
  422 U.S. 49, 59 (1975)...............................................................................................................6

*Smith v. Robbins & Myers, Inc.*,
  No. 3:12-CV-218, 2012 WL 5479061 (S.D. Ohio Oct. 26, 2012)..........................................12

*Tobias Holdings, Inc. v. Bank United Corp.*,
  177 F. Supp. 2d 162 (S.D.N.Y. 2001)....................................................................................10

*Union Cent. Life. Ins. Co. v. Ally Fin., Inc.*,
  No. 11 CIV 2890 GBD JCF, 2012 WL 3553052 (S.D.N.Y. Aug. 17, 2012) .........................10

*Wayne Jacob's Smokehouse Distrib., LLC v. Munford*,
  No. CV 18-5942-WBV-JVM, 2020 WL 588028 (E.D. La. Feb. 6, 2020) .............................10

### STATUTES

15 U.S.C. § 78u-4(b)(3)(B)...........................................................................................................10

### OTHER

Wright & Miller 11A Fed. Prac. & Proc. Civ. 2948.1 (3d ed. Oct. 2020 update)..........................8

## PRELIMINARY STATEMENT

ThornTree[1] respectfully moves the Court to vacate the expedited discovery schedule and proceedings, reinstate the PSLRA automatic stay, and hold an expedited status conference to discuss drastically altered circumstances.  This is because the Cygnus Defendants'[2] proxy contest that was the basis for Plaintiff Ashford Hospitality Trust, Inc.'s ("Ashford") motions for expedition and injunctive relief has ended.  This changed circumstance should end the need for expedited proceedings because the undue prejudice that Ashford argued required lifting of the PSLRA discovery stay and expedition no longer exists. Although Ashford now suggests it has some ongoing need for expedited proceedings and injunctive relief, tellingly, Ashford previously acknowledged that this case would be moot as to ThornTree if the proxy fight ended.  It now has, and so too should these expedited proceedings.

Ashford filed its motion for preliminary injunction (and expedited discovery in support of same) to enjoin what it alleged was an unlawful proxy contest regarding Defendants' alleged "efforts to gain control over" Ashford by "install[ing] a slate of purported nominees (the 'Purported Nominees') to form a majority of the Board at [Ashford's] 2021 annual meeting of stockholders." Dkt. 7, at 1-2.  Essentially, Ashford claimed that the Cygnus Defendants (as well as Rebecca Harvey and ThornTree) supposedly were attempting to seize control of Ashford's Board of Directors (the "Board") by nominating individuals of their choosing who would compete against Ashford's nominees at the 2021 annual stockholder meeting, and that this would cause irreparable harm by "depriv[ing] stockholders of information necessary to evaluate the suitability

---

[1] Defendants ThornTree Capital Partners L.P., ThornTree Capital Master Fund L.P., and ThornTree Capital GP LLC.
[2] Cygnus Defendants means Cygnus Capital, Inc., Cygnus Capital Advisers, LLC, Cygnus General Partners, LLC, Cygnus Capital Real Estate Advisors II, LLC, Cygnus Opportunity Fund, LLC, Cygnus Property Fund IV, LLC, Cygnus Property Fund V, LLC, Christopher Swann, Richard Burns, Shannon Johnson, William Miller, Jr., and Roderick Newton II.

and intentions of the Purported Nominees" and by "soliciting votes for candidates who are ineligible for election." Dkt. 7 at 4.

On February 18, this Court lifted the PSLRA automatic discovery stay, ordered expedited discovery, and set a preliminary injunction hearing for Saturday, March 27, finding that Ashford might suffer undue prejudice if the contested Board election occurred before discovery and a preliminary injunction hearing.

But on February 22, the Cygnus Defendants withdrew their slate of Board nominees, ending the proxy battle and making the Board election uncontested. The deadline for nominating directors also has passed already, leaving only Ashford's nominees eligible for election at its 2021 annual meeting. As a result, any circumstances justifying expedited discovery have changed entirely: no one can or will nominate any candidate to the Ashford Board at the upcoming annual meeting other than Ashford itself. The outcome of Ashford's annual stockholder meeting is thus assured. Ashford has already won. Consequently, there is no need for expedited (and *extremely* costly) proceedings, and a Saturday March 27, 2021 hearing before the Court. The urgency that Ashford claimed required the original expedited discovery schedule no longer exists. Yet every day it remains in place, the parties are expending an enormous amount of resources on an issue that is now moot.

ThornTree therefore moves the Court to vacate its order for expedited proceedings and discovery, and to reinstate the PSLRA automatic discovery stay. ThornTree also requests a status conference at the Court's earliest convenience to discuss the most efficient path forward in light of these dramatically changed circumstances.

## FACTUAL BACKGROUND

On December 31, 2020, the Cygnus Defendants informed Ashford that they would nominate individuals to Ashford's Board. Am. Compl. ¶ 5. On January 19, 2021, Ashford's Board

of Directors "notified Cygnus" that it rejected Cygnus' nomination of individuals to the Ashford Board. Am. Compl. ¶ 115. That same day, Ashford commenced this action. Dkt. 1.

On January 21, Ashford filed its motion for preliminary injunction. Dkt. 6-7 (the "PI Motion") claiming Defendants were seeking "to gain control over the Company." *Id.* at 1. Ashford argued that "[b]ecause Defendants are soliciting votes for candidates who are ineligible for election to the Company's Board, stockholders will suffer immediate and irreparable injury absent injunctive relief." *Id.* at 4; *see also id.* at 24 ("stockholders may cast meaningless votes for invalid nominees."); *id.* at 25 ("Without prompt injunctive relief, Defendants' misconduct will continue to disrupt the Company's corporate governance processes and potentially cause the Company's stockholders to consider and cast meaningless votes for invalid nominees."). Accordingly, Ashford asked that the Court enjoin Defendants from:

> (1) any trading in Ashford Trust stock until they have amended and corrected by public means their Schedule 13D, proxy materials, and amendments related thereto to disclose their status as members of a Section 13(d) group;

> (2) voting any shares owned at the time of their violations of Section 13(d) and Rules 13d-1 and 13d-101;

> (3) seeking to submit the Purported Nominees to Ashford Trust stockholders for election to the Board; and

> (4) soliciting proxy votes for or distributing any proxy materials regarding the Purported Nominees. (Dkt. 7 at 4.)

On January 26, Ashford filed its expedition motion, again arguing its stockholders could suffer irreparable harm by casting "meaningless votes for invalid nominees" and it was therefore "essential that Ashford Trust's motion for a preliminary injunction be decided as soon as possible so that Ashford Trust and its stockholders may have clarity on these matters sufficiently in advance of the Annual Meeting, which will be held in the spring of 2021." Dkt. 10 at 3.

On February 5, ThornTree sold the last of its shares in Ashford.  It has no investment in Ashford securities.  Dkt. 77 ¶ 2.

On February 18, the Court issued its Order granting in part Ashford's motion for expedited briefing and discovery, and setting a March 27 hearing for Ashford's requested injunctive relief. Dkt. 88.  The Court "assume[d] without deciding that the mandatory stay under the PSLRA applies to all of Plaintiff's claims," *id.* at 8, but lifted the stay:

> to prevent undue prejudice to Plaintiff.  Specifically, given Plaintiff's pending motions for injunctive relief and the fact that Plaintiff's annual meeting will likely be held in the spring of 2021, Plaintiff will be unduly prejudiced if expedited discovery is not allowed. *See Nichting v. DPL Inc.*, No. 3:11-CV-141, 2011 WL 2892945, at *4 (S.D. Ohio July 15, 2011) (allowing expedited discovery because plaintiff may suffer irreparable injury if a stockholder's voting decision is based on inadequate information).  (Dkt. 88 at 8).

On February 22, the Cygnus Defendants withdrew their nominees to the Ashford Board. On the morning of February 23, the Cygnus Defendants filed a Form 13D notifying Ashford stockholders of that fact, and filed a letter with the Court confirming the same.  Dkt. 96.  As that letter explains, withdrawal of the Cygnus Defendants' board nominees "end[s] the proxy fight at issue before this Court," and "[b]ecause the deadline for nominations has already expired, the Cygnus Defendants cannot renew their nominations and will not be soliciting proxies at the 2021 annual meeting." *Id.*; *see also* Am. Compl. ¶ 104 ("deadline has passed").

Notwithstanding Ashford's prior position, on the evening of February 23, Ashford submitted a letter asserting that the end of the proxy contest "do[es] not moot" its request for injunctive relief.  Dkt. 98.  Although Ashford did not explain how it required injunctive relief as to ThornTree, Ashford argued that expedited proceedings are needed so that Ashford can "understand the dates and amounts of Ashford Trust stock bought and sold by ThornTree." *Id.*

Shortly thereafter, ThornTree informed Ashford that ThornTree would agree to provide the dates and amounts of its purchases and sales of Ashford stock, if Ashford would agree to withdraw its demand for injunctive relief and expedited discovery as to ThornTree.  Ashford refused.

## ARGUMENT

Because of a dramatic change in circumstances, ThornTree requests that the Court vacate the expedited discovery schedule and Saturday March 27, 2021 hearing, and reinstate the automatic PSLRA stay (and, alternatively, dismiss ThornTree from these proceedings as all claims against it are moot).  Additionally, ThornTree requests a status conference at the Court's earliest possible convenience so that the parties can discuss with the Court the most efficient path forward.

### I. Because The Cygnus Defendants' Proxy Fight Has Ended, Ashford's Requested Relief Is Moot As To ThornTree And Cannot Support Expedition Or A Finding Of Undue Prejudice

Due to changed circumstances, Ashford's claims against ThornTree are moot and should be dismissed, and certainly cannot support expedition or the undue prejudice that could support the lifting of the PSLRA discovery stay.  The best evidence that the end of the Cygnus Defendants' proxy fight requires an end to this expedited litigation is Ashford's own prior position: on February 10, Ashford argued that only once "the proxy campaign was over," would this case be moot.  Dkt. 65 at 4.  When ThornTree previously sought dismissal, citing the Fifth Circuit's *Motient* decision, Ashford distinguished that case on precisely this basis.

In *Motient*, during the appeal of a decision pertaining to Section 13(d) claims (like those here), the defendants sold their at-issue holdings.  The Fifth Circuit thus held:

> ***Now that [defendants] no longer have any holdings*** in Motient, injunctive relief ordering amendment of any Schedule 13D amendments is inappropriate. We decline to issue an advisory opinion forbidding Highland from soliciting shareholder votes for a tender offer or engaging in a contest for control, on the assumption that such activity might take place in the future.

> *There has been no showing that there will be any future harm, let alone irreparable harm.* See Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 59 (1975) (holding that a private litigant alleging a violation of Section 13(d) must make a showing of irreparable harm, in accordance with traditional principles of equity, to entitle him to injunctive relief.) In any event, as 'the principal object of the Williams Act is to solve the dilemma of shareholders desiring to respond to a cash tender offer,' it is not clear that any 'harm' identified by Motient is even redressable at this point. *Id. Accordingly, because a showing of irreparable harm is required for injunctive relief, and each of Motient's factual arguments for irreparable harm have now vanished because of changed circumstances, there is no longer a case or controversy for this Court to decide.*
>
> *As to any attempt by Highland to place directors on Motient's Board, that fight is over. Motient won. The divestiture by Highland of its holdings in Motient eliminated the right of any of the Appellees to oppose the new Board or to seek to elect new directors.* While there is always the possibility that one or more of the Highland Entities may buy stock in the company that used to be called Motient, the lack of an imminent contest for control makes the possibility of any irreparable harm speculative at best. *See Rondeau*, 422 U.S. at 59. *Any ruling by this or any other court would merely be a prediction of what the result should be if certain events were to occur at some unspecified future date.*

*Motient Corp. v. Dondero*, 529 F.3d 532, 537-38 (5th Cir. 2008) (emphases added). ThornTree cited *Motient* for the proposition that because ThornTree had sold its Ashford securities, the claims against it were effectively moot and should be dismissed. Dkt. 62 at 4-5.

In opposition, Ashford *specifically distinguished Motient* on the basis that *there* "the corporate control contest that was the basis for the proxy campaign was over," but *here*, "in contrast, the Cygnus Defendants' proxy campaign remains in high gear." Dkt. 65 at 4. *Ashford's sole distinguishing factor is no longer true*. As Ashford must concede, now that the Cygnus Defendants' proxy fight is over, the Fifth Circuit's *Motient* decision squarely controls: Ashford's claims against ThornTree are moot and should be dismissed. *Motient*, 529 F.3d 532 ("An actual case or controversy must exist at every stage in the judicial process." (citation omitted)). At a minimum, there is no urgency to justify resolving them via expedited proceedings.

Indeed, reference to the specific four categories of injunctive relief that Ashford seeks underscores that its request for injunctive relief has been obviated, and thus no undue prejudice exists. *See* Dkt. 7 at 4.

*First*, Ashford sought to enjoin Defendants from "voting any shares owned at the time of [Defendants'] violations[.]" *Id.* ThornTree no longer owns any such shares, rendering this request moot. And even were that not the case, now that the Cygnus Defendants' nominees have been withdrawn, there is no proxy contest on which to vote.

*Second*, Ashford sought to enjoin Defendants from "seeking to submit the Purported Nominees to Ashford Trust stockholders for election to the Board." *Id.* ThornTree never submitted any nominees, and there is no allegation to the contrary. The only Defendants that did so (the Cygnus Defendants) have now withdrawn them, and it is too late to submit any additional nominees. Dkt. 96; *see also* Am. Compl. ¶ 104 (noting "deadline has passed"). Here again, the relief Ashford seeks is moot.

*Third*, Ashford sought to enjoin Defendants from "soliciting proxy votes for or distributing any proxy materials regarding the Purported Nominees." This too is moot: with the withdrawal of the Cygnus Defendants' nominees, there are no proxy votes to solicit or materials to distribute. (What is more, there was never any allegation that ThornTree ever sought to solicit proxies.)

*Finally*, Ashford sought to enjoin "any trading in Ashford Trust stock until [Defendants] have amended and corrected by public means their Schedule 13D, proxy materials, and amendments related thereto to disclose their status as members of a Section 13(d) group." ThornTree owns no Ashford stock, and cannot trade what it does not have (and, it lost money on its investment in Ashford). *See also Motient*, 529 F.3d at 537 ("Now that [defendants] no longer

have any holdings in Motient, injunctive relief ordering amendment of any Schedule 13D amendments is inappropriate.").

Last night (February 23), Ashford submitted a letter claiming that despite the above, the Cygnus Defendants' withdrawal of their nominees does not moot the request for injunctive relief or the need for expedited discovery. Dkt. 98. This assertion is baseless, particularly with respect to ThornTree. Indeed, Ashford's attempt to justify its requested injunction relates exclusively to Cygnus' continued ownership of Ashford shares, and does not even mention ThornTree. *See* Dkt. 98 at 2 (arguing that an injunction is necessary to "preserve the status quo regarding the shares of Ashford held by Cygnus" and to "protect Ashford's effective right of first refusal" regarding the Cygnus Defendants' shares).[3]

Ashford mentions ThornTree exclusively to claim that it continues to require expedited discovery "to fully understand the dates and amounts of Ashford Trust stock bought and sold by ThornTree." Dkt. 98 at 2. But that is a discovery request, not a substantiation of undue prejudice or a need for expedited injunctive relief. Additionally, leaving aside that this is precisely what the PSLRA discovery stay does not permit, before filing this Motion, ThornTree offered to provide

---

[3] Because ThornTree does not own Ashford securities, these arguments are inapposite as to it. To the extent Ashford contends otherwise, it bears noting that Ashford's argument effectively amounts to an impermissible Section 13(d) damages claim. As Ashford has noted, the purpose of the 9.8% threshold in its charter is to ensure that a REIT adheres to IRS regulations providing that "more than 50% in value of the entity's outstanding stock cannot be owned, directly or indirectly, by five or fewer individuals." Am. Compl. ¶ 43. The purpose of the share transfer provision that Ashford purports to invoke here is thus wholly inapposite: Defendants present no risk to this 9.8% threshold at all, and Ashford admits as much. Am. Compl. ¶ 42 n.3 (noting sub 5% ownership). But when this mechanism *is* invoked, the Charitable Trust *is obligated to sell the reclaimed shares within 20 days*. Dkt. 1-1 at 14 § 3.5 (Ashford charter stating that "[w]ithin 20 days . . . the Charitable Trust **shall sell the shares** . . . ." (emphasis added)). Thus, Ashford argues it has been harmed because "the Charitable Trustee cannot provide net profits from the sales of those shares to its identified charitable beneficiary." Am. Compl. ¶ 129. Ashford effectively seeks to impose a contractual damages remedy for its alleged Section 13(d) violations (via two non-parties – the Charitable Trust and its "identified charitable beneficiary"), but as the Fifth Circuit has made clear, there is no private right of action for damages pursuant to Section 13(d). *Motient Corp.*, 529 F.3d at 536 ("there is no private cause of action for money damages under Section 13(d)"). And of course, conversely, were Ashford's request for damages viable (same for the Charitable Trust's pending request to intervene and seek the same), that eviscerates any basis for injunctive relief. *See generally* Wright & Miller 11A Fed. Prac. & Proc. Civ. 2948.1 (3d ed. Oct. 2020 update) ("a preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief").

the dates and amounts of its purchases and sales of Ashford Trust stock—exactly the information Ashford said it needed, Dkt. 98 at 2—if Ashford would agree to withdraw its demand for injunctive relief and expedited discovery as to ThornTree.  Ashford declined, demanding that ThornTree *also* stipulate that it violated the federal securities laws.  *See* Email from K. Dyer, dated Feb. 24, 2021, attached hereto and incorporated herein as Exhibit 1.

*****

As the *Motient* decision provides, and Ashford previously argued, Ashford's requested relief is moot because ThornTree does not own any Ashford securities and the Cygnus Defendants ended their proxy campaign.  There is consequently no reason for ThornTree to continue to bear the burden of this litigation, much less undertake the time and *immense* expense resulting from a now-obviated expedited schedule.

## II.   The Court Should Vacate The Expedited Scheduling Order And Reinstate The Automatic PSLRA Discovery Stay

Because the exigency that warranted expedition and Ashford's requested injunctive relief has ended, the Court should vacate the expedited scheduling order, Dkt. 88, and reinstate the PSLRA stay. The only justification that previously existed for departing from the PSLRA's automatic stay no longer exists.

The PSLRA mandates an automatic stay of discovery pending resolution of ThornTree's pending motion to dismiss (Dkt. 92-93).  Specifically, it provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).  The PSLRA stay applies to claims pursuant to Sections 13(d) and

14(a) of the Exchange Act (like those Ashford has pled here).[4]  And although Ashford has argued

otherwise with reference to the *Tobias Holdings* case, which has been deemed an "outlier" and

"[o]ther courts . . . generally have not followed," decisions from within the Fifth Circuit

demonstrate that the PSLRA stay also applies to Ashford's companion state law claims.[5]

In its Order, the Court explained that it assumed that the PSLRA stay applied, but held that

lifting the PSLRA discovery stay was necessary in this situation to prevent undue prejudice.  Dkt.

88 at 8.[6]  Specifically, the Court held that

> given Plaintiff's pending motions for injunctive relief and the fact that Plaintiff's
> annual meeting will likely be held in the spring of 2021, Plaintiff will be unduly
> prejudiced if expedited discovery is not allowed.  *See Nichting v. DPL Inc.*, Case
> No. 3:11-CV-141, 2011 WL 2892945, at *4 (S.D. Ohio July 15, 2011) (allowing
> expedited discovery because plaintiff may suffer irreparable injury if a
> stockholder's voting decision is based on inadequate information).

---

[4] *E.g.*, *Alaska Laborers Emp. Ret. Fund v. Mays Clear Channel Commc'ns, Inc.*, No. SA-07-CA-0042-RF, 2007 WL 9710527, at *3 (W.D. Tex. Feb. 14, 2007) ("Because Plaintiffs allege federal securities violations under sections 14(a) and 20(a) of the Securities Exchange Act, and Defendants have filed motions to dismiss, the PSLRA stay is already in place." (footnotes omitted)).

[5] The stay also applies to companion state law claims; otherwise, a plaintiff could circumvent the stay simply by filing a tag along state law claim.  *E.g.*, *Wayne Jacob's Smokehouse Distrib., LLC v. Munford*, No. CV 18-5942-WBV-JVM, 2020 WL 588028, at *3-4 (E.D. La. Feb. 6, 2020) ("The Court further finds that the automatic stay set forth in [the PSLRA] applies to all discovery in this case, including discovery regarding Plaintiffs' state  law claims."); *Barrett v. Wilson*, No. 4:11-CV-2852, 2011 WL 13134638, at *2 n.3 (S.D. Tex. Aug. 15, 2011) ("This stay applies to Barrett's claim for violation of the Securities Exchange Act of 1934, as well as his breach of fiduciary duty claims."; citing cases noting circumvention issue).  As noted above, although Ashford points to *Tobias Holdings*, Dkt. 42 at 10-11 (citing *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 168 (S.D.N.Y. 2001)), that case has been regularly discarded as an outlier.  *E.g.*, *Union Cent. Life. Ins. Co. v. Ally Fin., Inc.*, No. 11 CIV 2890 GBD JCF, 2012 WL 3553052, at *3 (S.D.N.Y. Aug. 17, 2012) ("Other courts, however, generally have not followed *Tobias Holdings*"; deeming it "an outlier"; gathering cases).  Further, as the *Wayne Jacob's* court noted, to the extent *Tobias Holdings* carries any weight, it is inapposite:  "*Tobias Holdings* stands for the proposition that [the PSLRA stay] does not apply to *distinct* state law claims. . . It is apparent that, in large part, the court's decision turned upon the fact that the plaintiff's state law claims were distinct from and not merely state analogs to plaintiff's alleged securities violations." 2020 WL 588028, at *4 (emphasis in original; internal quotation marks omitted).  Here, as Ashford admits, there is nothing distinct about Ashford's state law claims, which all rise and fall with its Section 13(d) claim pursuant to the federal securities laws, and thus the discovery it could receive on its state law claim is the same as the discovery it should not be receiving per the PSLRA while ThornTree's motion to dismiss is pending.  *See, e.g.*, Dkt. 42 at 11 (Ashford's reply in support of expedition arguing that its state law claims "are premised on many of the same facts required to establish Defendants' federal securities violations . . . and they require the same discovery as Ashford Trust's federal securities claims that are subject to the motion to dismiss.").

[6] Ashford did not argue that discovery was necessary to preserve evidence.

But now, the sole basis for the Court's finding of "undue prejudice" as a justification for lifting the PSLRA stay—an upcoming contested stockholder meeting, and the prospect of a tainted stockholder vote—no longer exists.  There is no proxy fight; Ashford has already won, and thus there is no prospect of anyone "overtak[ing]" the Ashford Board (Dkt. 42 at 1) or any stockholder "cast[ing] meaningless votes for invalid nominees," as Ashford has argued.  Dkt. 10 at 3; *see also id.* ("To avoid needless confusion and damage to the stockholder franchise, which is threatened by Defendants' solicitation efforts, it is essential that Ashford Trust's motion for a preliminary injunction be decided as soon as possible . . . .").  This is all consistent with Ashford's above noted prior argument that it would take just these circumstances – *i.e.*, the end of the proxy fight – to moot its claims against ThornTree.  ThornTree thus respectfully requests that the Court vacate its scheduling order and reinstate the automatic PSLRA stay of discovery, which is appropriate because ThornTree's motion to dismiss is pending.  *See* Dkt. 92. If Ashford wishes to pursue injunctive relief, it should be permitted to seek to do so only after the Court rules on ThornTree's pending motion to dismiss, as the PSLRA requires.  Indeed, because the issues pertaining to Ashford's annual meeting are now moot given the Cygnus Defendants' withdrawal of their slate of nominees, should any claims remain, there is no need for a resolution before that time. (The meeting remains unscheduled, but is expected to occur circa May 2021.)

Further, it also bears noting that these changed circumstances render Ashford's legal authority on this point squarely inapposite.  Dkt. 88 at 8 (citing *Nichting.*, 2011 WL 2892945, at *4).  In its expedition briefing, Ashford cited *Nichting* for the first time on reply, Dkt. 42 at 6-8, and thus it has never been subject to responsive briefing.  The *Nichting* court was not addressing an annual stockholder vote; rather, that court was being asked to act one month before stockholders would vote on a merger.  Thus the *Nichting* court was understandably concerned that it was left

with "only 31 days . . . to review voluminous pleadings and prepare an order resolving the motions to dismiss, and thereafter, if necessary, for Defendants to gather discovery . . . [and] hold a preliminary injunction hearing." *Id.* at *4. Other federal courts in Ohio have distinguished *Nichting* on precisely this basis. *See Smith v. Robbins & Myers, Inc.*, No. 3:12-CV-218, 2012 WL 5479061, at *3 (S.D. Ohio Oct. 26, 2012) (rejecting undue prejudice claim in advance of a merger vote because *unlike Nichting*, "no vote has been set in this case," and thus there was adequate time to address defendants' motion to dismiss before further proceedings).

Here, unlike the end-stage merger at issue in *Nichting*, this case concerns an annual stockholder meeting in which Ashford's Board will face no opposition. Thus, to the extent any exceptional circumstances existed previously, those were entirely extinguished by the Cygnus Defendants' decision to end their proxy contest on February 22 (Dkt. 96); a finding to the contrary would mean that the PSLRA stay could be lifted in every corporate control dispute in every public company across the country, each and every year. Other courts in this district have rejected requests to lift the PSLRA stay, citing precisely this concern. As the *Alaska Laborers* court explained, "[e]xceptional circumstances are required to lift the stay," and in rejecting such a request:

> This Court finds some guidance in *Medical Imaging*, which involved violations of section 13(d) disclosure requirements and an impending shareholder vote to unseat the board of directors. The court concluded that the plaintiff would not suffer unfair prejudice by postponing discovery because while there is certainly time pressure, this is true in a majority of cases involving contests for corporate control, and thus does not constitute an undue burden which is unique.

*Alaska Laborers*, 2007 WL 9710527, at *4 (citing *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717 (S.D. Cal. 1996) (internal quotation marks and footnote omitted)). Here, there is *no* contested vote at Ashford's upcoming annual meeting, and thus no time pressure at all.

For all of these reasons, ThornTree respectfully requests that the Court vacate its scheduling order, Dkt. 88, and reinstate the PSLRA discovery stay.

### III.    The Court Should Set A Status Conference At The Earliest Available Time

Additionally, ThornTree requests that the Court hold a status conference at its earliest possible convenience to address the best path forward in the face of recent events. As explained above, the withdrawal of the Cygnus Defendants' slate of Board nominees constitutes a sea-change in this litigation because it obviated the basis upon which Ashford sought expedition and injunctive relief and the Court ordered expedition. Based on these changed circumstances, ThornTree believes that the parties could proceed more efficiently with guidance from the Court to help determine what, if anything, remains to be adjudicated, let alone on an expedited basis.

Ashford, however, disagrees. As shown by the flurry of letters and filings in the recent days, the parties have a fundamental disagreement about what issues remain live and what urgency, if any, they present. Despite ThornTree's repeated offers and efforts to satisfy Ashford's demands, Ashford continues to insist on expedited proceedings based on shares that ThornTree no longer even owns regarding a proxy contest that will not even happen.  (Although conversely, Ashford has also requested to delay its response to the defendants' motions to dismiss, which were first filed February 2.)

At the last hearing, the Court expressed its willingness to have a call if doing so would help move the litigation along. *See* Feb. 10, 2021 Tr. 29:7-8.  ThornTree believes that this is exactly such a situation. ThornTree respectfully requests that the Court hold such a conference promptly, to avoid the parties unnecessarily incurring the costs attendant to expedited proceedings, which will continue to accrue so long as the current expedited schedule remains in place.

## CONCLUSION

For all of the foregoing reasons, ThornTree respectfully requests that the Court vacate the expedited discovery schedule and March 27 hearing, and reinstate the PSLRA stay (or, alternatively, hold Ashford's claims against ThornTree to be moot and dismiss ThornTree from these proceedings). Additionally, ThornTree requests an expedited status conference at the earliest possible time to discuss the most efficient path forward in light of the changed circumstances.

Dated: February 24, 2021.

Respectfully submitted,

By: */s/  Yolanda C. Garcia*
Yolanda C. Garcia
Texas Bar No. 24012457
ygarcia@sidley.com
David Sillers
Texas Bar No. 24072341
dsillers@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)

and

Alex J. Kaplan (*pro hac vice*)
ajkaplan@sidley.com
Charlotte K. Newell (*pro hac vice*)
cnewell@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300 (Telephone)
(212) 839-5599 (Facsimile)

*Attorneys for Defendants ThornTree Capital*
*Partners LP, ThornTree Capital Master*
*Fund LP, and ThornTree Capital GP LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, February 24, 2021, I caused the foregoing Expedited

Motion for Status Conference and to Vacate Expedited Proceedings, to be electronically served

via the Court's CM/ECF system to all parties of record.

*/s/  David Sillers*
David Sillers

# EXHIBIT 1

| | |
|---|---|
| **From:** | Dyer, Karen <Karen.Dyer@cwt.com> |
| **Sent:** | Wednesday, February 24, 2021 9:15 AM |
| **To:** | Kaplan, Alex J.; michael.stockham_tklaw.com; jessica.pulliam@bakerbotts.com; ferdose.al-taie@akerman.com; Ward, Adrienne M.; cdavis@grayreed.com; rjumper@grayreed.com; sreddy@grayreed.com; TFleming@olshanlaw.com |
| **Cc:** | Garcia, Yolanda; Newell, Charlotte K.; Sillers, David; Gravante, Nicholas; stephen.rasch@tklaw.com; Arborn, Justin, Magid, Adam |
| **Subject:** | RE: Ashford v. Cygnus |

Alex,

Thank you for your email below.

Our letter to the Court states that "[e]xpedited discovery is needed, *inter alia*, to ... fully understand the dates and amounts of Ashford Trust stock bought and sold by ThornTree and Rebecca Harvey." Thus, on its face, the letter makes clear that the purchase and sales information is an example, but not an exhaustive list, of the expedited discovery needed. Information regarding the particulars of the Rule 13(d) group is another example.

If the defendants are willing to stipulate, for purposes of the injunction hearing, to the kind of information outlined in your email below and also to the fact that the ThornTree Defendants, the Cygnus Defendants and Ms. Harvey formed and operated a Rule 13(d) group, that would eliminate the need for much of the expedited discovery authorized by the Court's Order.

Please advise.

Thanks,
Karen

---

**From:** Kaplan, Alex J. <ajkaplan@sidley.com>
**Sent:** Wednesday, February 24, 2021 12:09 AM
**To:** Dyer, Karen <Karen.Dyer@cwt.com>; michael.stockham_tklaw.com <michael.stockham@tklaw.com>; jessica.pulliam@bakerbotts.com; ferdose.al-taie@akerman.com; Ward, Adrienne M. <AWard@olshanlaw.com>; cdavis@grayreed.com; rjumper@grayreed.com; sreddy@grayreed.com; TFleming@olshanlaw.com
**Cc:** Garcia, Yolanda <ygarcia@sidley.com>; Newell, Charlotte K. <cnewell@sidley.com>; Sillers, David <dsillers@sidley.com>; Gravante, Nicholas <Nicholas.Gravante@cwt.com>; stephen.rasch@tklaw.com; michael.stockham_tklaw.com <michael.stockham@tklaw.com>; Arborn, Justin <Justin.Arborn@cwt.com>; Magid, Adam <Adam.Magid@cwt.com>
**Subject:** RE: Ashford v. Cygnus

Karen,

In your February 23 letter to the Court, you write that expedited proceedings are needed as to ThornTree so that Ashford can "understand the dates and amounts of Ashford Trust stock bought and sold by ThornTree..." As you know, ThornTree owns no Ashford Trust stock. ThornTree will agree to provide the

1

dates and amounts of its purchases and sales of Ashford Trust stock, if Ashford will agree to withdraw its demand for injunctive relief and expedited discovery as to ThornTree.

Please let us know Ashford's position by Wednesday, February 24 at 10AM Eastern.  If we do not hear from you by that time, we will assume that Ashford opposes the foregoing.

Regards,
Alex

**ALEX J. KAPLAN**

**SIDLEY AUSTIN LLP**
+1 212 839 5839
ajkaplan@sidley.com

**From:** Dyer, Karen <Karen.Dyer@cwt.com>
**Sent:** Tuesday, February 23, 2021 8:41 PM
**To:** Kaplan, Alex J. <ajkaplan@sidley.com>; michael.stockham_tklaw.com <michael.stockham@tklaw.com>; jessica.pulliam@bakerbotts.com; ferdose.al-taie@akerman.com; Ward, Adrienne M. <AWard@olshanlaw.com>; cdavis@grayreed.com; rjumper@grayreed.com; sreddy@grayreed.com; TFleming@olshanlaw.com
**Cc:** Garcia, Yolanda <ygarcia@sidley.com>; Newell, Charlotte K. <cnewell@sidley.com>; Sillers, David <dsillers@sidley.com>; Gravante, Nicholas <Nicholas.Gravante@cwt.com>; stephen.rasch@tklaw.com; michael.stockham_tklaw.com <michael.stockham@tklaw.com>; Arborn, Justin <Justin.Arborn@cwt.com>; Magid, Adam <Adam.Magid@cwt.com>
**Subject:** RE: Ashford v. Cygnus

Alex,

We believe our letter filed with the Court this evening responding to counsel for Cygnus' letter from earlier today (re-attached here for ease of reference) fully addresses the issues raised in your email below.  For avoidance of any doubt, we object to the relief you request in your below email.

Thanks,
Karen

**From:** Kaplan, Alex J. <ajkaplan@sidley.com>
**Sent:** Tuesday, February 23, 2021 6:35 PM
**To:** Dyer, Karen <Karen.Dyer@cwt.com>; michael.stockham_tklaw.com <michael.stockham@tklaw.com>; jessica.pulliam@bakerbotts.com; ferdose.al-taie@akerman.com; Ward, Adrienne M. <AWard@olshanlaw.com>; cdavis@grayreed.com; rjumper@grayreed.com; sreddy@grayreed.com; TFleming@olshanlaw.com
**Cc:** Garcia, Yolanda <ygarcia@sidley.com>; Newell, Charlotte K. <cnewell@sidley.com>; Sillers, David <dsillers@sidley.com>
**Subject:** Ashford v. Cygnus

Karen,

On behalf of ThornTree, we write with respect to the effect of the withdrawal of the proxy fight noticed by Cygnus last night.  Now that Cygnus's proxy fight has been withdrawn, and our understanding that there are no directors that have been nominated or can be nominated other than those put forward by Ashford, the alleged basis for Ashford's need for expedited discovery and preliminary injunctive relief no longer exists. *E.g.*, Dkt. 7 at 24-25.  We believe we should inform the Court of this critical changed circumstance, and ask you to agree to seek a conference with the Court to discuss these issues.

Please let us know if you will agree to have a joint request for a status conference on an expedited basis, and please let us know if you intend to continue to seek expedited discovery, and if so, why.  Please let us know if you are also still seeking preliminary injunctive relief, and if so, why.  We would also like to confer on a motion to vacate the scheduling order and re-instate the PSLRA discovery stay.  Do you oppose this motion?  If you do, please explain why.

Since time is of the essence given the shortened timeframe of the current schedule, we ask for your response by 8 p.m. Central, or we will assume that you oppose the foregoing.  Thank you.


Regards,
Alex


**ALEX J. KAPLAN**


**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
+1 212 839 5839
ajkaplan@sidley.com
www.sidley.com



*********************************************************************************************
*****************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*********************************************************************************************
*****************

NOTE: The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy.  Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.